UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                                         PLAINTIFF

v.                                                                                               NO. 5:25-cr-10-BJB

ALLISON TAYLOR                                                                                      DEFENDANT

\* \* \* \* \*

### OPINION REGARDING DENIAL OF MOTION TO SUPPRESS

During a telephonic hearing, the Court considered and rejected a motion (DN 17) by the Defendant, Allison Taylor, to suppress evidence obtained during a search of his home. This opinion echoes and memorializes the reasons for that denial that the Court and counsel (Chastity Beyl for the defense and Seth Hancock for the prosecution) discussed on the record during the hearing.

### THE RECORD

Counsel agreed that Taylor's motion to suppress—a challenge to the sufficiency of a warrant affidavit—could be taken up on the paper record without the need for an evidentiary hearing. *See United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006).

In December 2024, McCracken County Sheriff's Deputy David Shephard drove a woman from Tennessee to Paducah. She'd been arrested in Tennessee on drug charges two days before. During that ride, she told Shephard that she had information about "illegal drug distribution in Paducah/McCracken County, KY." Affidavit for Search Warrant (DN 17-1) at 3.

In response to the tip, later that day McCracken County Sheriff's Detectives David Clark and Ronnie Giles interviewed the woman at the sheriff's office. According to Giles's application for a search warrant, filed that same afternoon, she admitted to methamphetamine and marijuana use as well as to occasionally trading cocaine for those drugs. She had a source of cocaine—a black man of about 60 named "Al Taylor" who drove a silver Ford Explorer. *Id.* She told the detectives that Taylor kept up to a kilogram and a half of cocaine in a box in his bedroom closet, that he traveled to Chicago to obtain his cocaine, and that she planned to visit Taylor's home to pick up some cocaine later that day—just as she had done many times before, including three days prior. *Id.* at 3–4. The next weekend, she added, she and Taylor planned to drive to Chicago to buy ten more kilograms of cocaine.

The detectives then corroborated her most important allegations. They listened while the informant called Taylor to confirm that he still had cocaine for her to pick up that day. *Id.* at 5. They also learned that Taylor was on supervised release

1

following federal convictions for possessing with intent to distribute marijuana and cocaine, and for possessing a gun despite being a convicted felon. The address the informant gave for Taylor's house, the officers also learned, was the same one Taylor maintained with the probation office.

The detectives included all this information—plus the informant's name—in the affidavit that Detective Giles submitted to the judge in support of an application for a warrant to search Taylor's home. The Sheriff's Office received the warrant and, later that afternoon, executed it. The officers found 9.32 grams of powder cocaine in a bedroom closet, digital scales in a hallway cabinet, and two loaded guns in a lockbox outside the house. As a result, the officers arrested Taylor on charges of drug trafficking. Incident Report at 1.

## TAYLOR'S CHALLENGE TO THE INFORMANT'S RELIABILITY AND SPECIFICITY

Taylor argues that the warrant affidavit failed to establish probable cause to search his home. Motion (DN 17) at 2. His motion advances two principal arguments: the affidavit relied on an informant's tip without establishing the informant's reliability and failed to establish a nexus between Taylor's alleged drug dealing and his home.

### A. Probable Cause

To comply with the Fourth Amendment, a warrant affidavit must establish probable cause to believe "that evidence of a crime will be located on the premises of the proposed search." *United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018). Courts give "great deference" to the probable-cause "determination of the judge who issued the search warrant" and examine the information contained within the "four corners" of the document. *United States v. Helton*, 35 F.4th 511, 518 (6th Cir. 2022).

Taylor primarily contends that the informant's allegations were "unverified and unreliable." Motion to Suppress at 5. Courts must consider the totality of the circumstances—including an informant's "veracity, reliability, and basis of knowledge"—to determine whether an affidavit is sufficient to establish probable cause. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). An affidavit is sufficient if "a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past." *United States v. May*, 399 F.3d 817, 822–23 (6th Cir. 2005) (cleaned up).

Those conditions are all satisfied here. The detective knew the informant's name and disclosed it to the magistrate. The informant admitted that she had purchased drugs from Taylor at his home three days before. She described several falsifiable details about Taylor and his trafficking: where he lived, his phone number, and a specific box in a specific closet where he kept cocaine. Although her identification of his truck was off—he drove a Chevy Traverse, not a Ford Explorer—she got the color (silver) and class (SUV) of his car right. She also identified both him and his home in photo arrays. And the informant herself—already in custody on drug

charges—surely faced additional criminal jeopardy had she lied to officers. *See United States v. Miller*, 314 F.3d 265, 270 (6th Cir. 2002) (detailed information from a named witness, who was subject to prosecution if he falsified evidence, established probable cause).

Even without further investigation, that level of detailed and personal attestation might well have sufficed to establish probable cause. Additional corroboration, according to the Sixth Circuit, is required only in "the absence of any indicia of the informants' reliability." *United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000) (en banc). Regardless, these officers—who hadn't worked with this informant before—corroborated many of the details she supplied before seeking the warrant. They observed the informant call Taylor, who recognized her, acknowledged that he had cocaine available at his house, and confirmed that she could come purchase it later that day. Moreover, the detectives confirmed that Taylor lived at the address the informant provided. And they confirmed, through his criminal history and federal supervision, that Taylor had previously engaged in drug trafficking. *See United States v. Martin*, 526 F.3d 926, 937 (6th Cir. 2008) (holding that defendant's criminal drug history provides indicator of reliability for an informant's tip).

This corroboration and investigation rendered Detective Giles's reliance on the informant's credibility plenty reasonable. Even an anonymous tip about drug sales can provide the necessary connection between a particular residence and drug-dealing activity—at least when police also have "general evidence" of someone's history of drug trafficking. *See United States v. Sheckles*, 996 F.3d 330, 341 (6th Cir. 2021). And here the detectives had much more than that. Just as in *United States v. Hammons*, an in-custody informant reported drug sales at the defendant's house, pointed law enforcement to that house, made a phone call to the defendant, and heard the defendant say that he had drugs to offer. 411 F. App'x 837, 840–41 (6th Cir. 2011). Considering the totality of the circumstances, *Gates*, 462 U.S. at 230, the informant's description of Taylor's home, source, and prior transactions—combined with the corroborating call and investigation—and considering the jeopardy facing the informant were she untruthful, the affidavit established probable cause.

### B. Nexus

Taylor also questioned whether the affidavit adequately connected the place to be searched and the suspected offense. To satisfy this requirement, an affidavit must "establish a nexus between the place to be searched and things to be seized, such that there is a substantial basis to believe that the things to be seized will be found in the place searched." *United States v. Bass*, 785 F.3d 1043, 1049 (6th Cir. 2015).

"When a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the totality of the circumstances presents a substantial basis for conducting a search for that evidence." *Miller*, 314 F.3d at 270 (citation omitted). Again, that is the situation here. The informant told detectives that she had been to the house three days ago, bought cocaine there, knew details

about where Taylor stored drugs there, and planned to return that night to buy more cocaine. These details, corroborated by Taylor's statements during the controlled call that he would meet her there to sell her more cocaine, established a nexus between the address searched and the suspected offenses. *See, e.g.*, *United States v. Dyer*, 580 F.3d 386, 391–2 (6th Cir. 2009) (informant's description of drug sales in basement established nexus to search cabin).

### C. The Good-Faith Exception

In any event, the good-faith exception would preclude suppression even if the informant's reliability or the affidavit's nexus somehow fell short. If probable cause is lacking, suppression is nevertheless unauthorized if the "evidence [was] obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon*, 468 U.S. 897, 922 (1984). Unless an affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," suppression is unwarranted; that is because "the marginal or nonexistent benefits produced by suppressing evidence … cannot justify the substantial costs of exclusion." *Id.* at 922–23 (quotation marks omitted). An officer may rely on a warrant—even one later held invalid—so long as the underlying affidavit provided "some connection, regardless of how remote" and "some modicum of evidence, however slight—between the criminal activity at issue and the place to be searched." *United States v. Reed*, 993 F.3d 441, 451 (6th Cir. 2021) (quotation marks omitted).

This affidavit was not of the "bare bones" variety on which an officer's reliance may be found unreasonable. *See Helton*, 35 F.4th at 521. As described above, the affidavit contained ample information, provided by a named informant, admitting incriminating activity while in custody discussing drug-related transactions that had happened (and apparently would again) in Taylor's home. Affidavit at 4. It described a controlled phone call in which Taylor stated he had cocaine available for purchase at the house. *Id.* at 4–5. An officer could reasonably rely on such an affidavit (and the magistrate's issuance of a warrant based on that affidavit) to conclude that probable cause existed—even if later litigation called the magistrate's warrant issuance into question. So the good-faith exception would defeat Taylor's argument for suppression in any event.

* * *

For these reasons and those discussed during the hearing, therefore, the Court denied the suppression motion and ordered counsel to confer and provide a joint status report within 30 days. *See* Memorandum of Conference and Order, DN 26. The Court will issue a further order and deadlines after reviewing that report.